Opinion by TILSON, J. It was stipulated that certain items of the merchandise consist of manila hemp hats similar in all material respects to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218), and that other items consist of hats of cellophane and ramie similar to those involved in Abstract 47291. The records in said cases were admitted in evidence herein. In accordance therewith the items of merchandise in question were held dutiable as claimed.

**No. 50211.**—Protests 993465–G, etc., of Henry Pollak, Inc. (New York).

Opinion by TILSON, J. The record established that certain items of the merchandise consist of hats of ramie and cellophane similar in all material respects to those the subject of Abstract 47291, which record was admitted in evidence herein. In accordance therewith the items of merchandise in question were held dutiable as claimed.

**No. 50212.**—Protests 545531–G, etc., of American Straw Goods Co. (New York).

Opinion by TILSON, J. It was stipulated that certain items of the merchandise consist of hats known as harvest hats, valued at less than $3 per dozen, similar in all material respects to those the subject of *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664), which record was admitted in evidence herein. In accordance therewith the claim at 25 percent under paragraph 1504 (b) (5) was sustained.

BEFORE THE THIRD DIVISION, MAY 24, 1945

**No. 50213.**—Protests 54051–K, etc., of Mosse, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50214.**—Protests 56893–K, etc., of Gribbon Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50215.**—Protests 57083–K, etc., of James G. Hardy & Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50216.**—Protests 61310–K, etc., of Ades Bros., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE SECOND DIVISION, MAY 26, 1945

**No. 50217.**—Protests 555777–G, etc., of Brown & Kruger et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in abstract 15400 the court dismissed the protests.